UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| FRANCIS GRANDENETTI,<br>a/k/a Francis Grandinette,<br><br>      Plaintiff,<br><br>v.<br><br>Chief O'MALLEY, Security PCF/CCA,<br>BARBARA SEIDL, U.T.M. PCF/CCA,<br>HOYT BRILL, Warden, PCF/CCA,<br>CORRECTIONS CORPORATION OF<br>AMERICA, (CCA), STAFF, at PCF/CCA,<br><br>      Defendants. | Civil No. 06-2961 (DWF/AJB)<br><br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, an inmate at a prison located in Tutwiler, Mississippi, commenced this action by filing a complaint and an application to proceed in forma pauperis, ("IFP"). This Court reviewed Plaintiff's IFP application, and concluded that he was ineligible for IFP status under the "three strikes rule" set forth at 28 U.S.C. § 1915(g).[1] Therefore, by order dated July 17, 2006, (Docket No. 3), the Court denied Plaintiff's IFP application, and directed him to pay the full $350 filing fee prescribed by 28 U.S.C. § 1914(a). That order expressly advised Plaintiff that if he did not pay the full filing fee by August 15, 2006, the Court would recommend that this

---

[1] Section 1915(g) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"). It provides that:

      "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

action be summarily dismissed.

The deadline for paying the filing fee has now passed, and Plaintiff has not paid it. In fact, Plaintiff has not communicated with the Court at all since this action was commenced. Therefore, in accordance with the Court's prior order, it is now recommended that this action be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

This action be SUMMARILY DISMISSED WITHOUT PREJUDICE.

Dated: August 29, 2006

                                                   s/ Arthur J. Boylan
                                                   ARTHUR J. BOYLAN,
                                                   United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 13, 2006.